UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROJAS,<br><br>　　　　　　　Defendant. | **1:22-cv-01345-GSA-PC**<br><br>**ORDER STRIKING COMPLAINT, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**DEADLINE TO FILE AMENDED COMPLAINT WRITTEN IN THE ENGLISH LANGUAGE:  DECEMBER 21, 2022** |

**I.　BACKGROUND**

Rogelio May Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 21, 2022, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

**II.　COMPLAINT WRITTEN IN LANGUAGE OTHER THAN ENGLISH**

Plaintiff's Complaint is improper because it is largely written in the Spanish language. The court does not accept complaints or other case documents written in a language other than English, and the court shall not respond using a language other than English.  There are no appropriated funds available to translate court documents from a foreign language to English or vice versa.  Spanish translations and interpreters are not required in civil cases such as this one under either California or Federal law.  See, e.g., United States v. Si, 333 F.3d 1041, 1044 n.3 (9th Cir. 2002).

A Pacer search reveals that Plaintiff is no stranger to the federal courts. Ruiz v. Stane, No. 1:22-CV-236-HBK, 2022 WL 1103940, at *2 (E.D. Cal. Apr. 13, 2022). Motions and court filings must be in English. Ruiz v. Stane, No. 122CV00236HBKPC, 2022 WL 1490416, at *1 (E.D. Cal. May 11, 2022). The Court has warned Plaintiff about this requirement on many occasions. Id. (citing see e.g., Ruiz v. Mobert, Case No. 1:17-cv-709-AWI-BAM (E.D. Cal. 2017) (Doc. No. 18) striking the complaint and directing Plaintiff to file Complaint written in English); Ruiz v. Curry, Case No. 1:17-cv-1454-DAD-SAB (E.D. Cal. 2017) (Doc. No. 11) directing Plaintiff to file an amended complaint because the complaint was written in both English and Spanish); Ruiz v. Woodfill, Case No. 2:20-cv-205-KJM-AC, 2021 WL 606255, at *1 (E.D. Cal. Jan. 28, 2021) (reviewing motion for reconsideration and advising Plaintiff he must file pleadings in English); Ruiz v. Woodfill, Case No. 2:19-cv-2118-MCE-KJN, 2021 WL 1060141, at *1-*2 (E.D. Cal. March 18, 2021) (noting a number of cases in which Plaintiff has been advised to file pleadings written in English and further providing documentation that Plaintiff falsely alleges he cannot write or understand English)). Historically Plaintiff has filed pleadings and complaints in English at times. Ruiz, 2022 WL 1490416, at *2) (citing Ruiz v. Mobert, Case No. 1:17-cv-709-AWI-BAM (E.D. Cal. 2017) (Doc. No. 18); Ruiz v. Orozco, No. 1:19-cv-0048-AWI-GSA (E.D. Cal.) (noting Plaintiff filed his initial complaint in English with no notation the was assisted by another prisoner); Ruiz v Sadler, Case NO. 2:19-cv-147EFBN (E.D. Cal.) (same)). The Court cannot provide Plaintiff with translated documents, nor will it translate his documents from Spanish into English.

Therefore, Plaintiff's Complaint shall be stricken[1] from the record as improperly filed, with leave to file an amended complaint written in the English language.

**II.  CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on October 21, 2022, is STRICKEN from the record;

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

2. Plaintiff is granted **until December 21, 2022**, in which to file an amended complaint written in the English language;

3. Plaintiff shall title the amended complaint "First Amended Complaint" using the case number 1:22-cv-00345-GSA-PC; and

4. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **November 17, 2022**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE