**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>     Plaintiff,<br><br>  v.<br><br>ROJAS,<br><br>     Defendant. | 1:22-cv-01345-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND INTERPRETER**<br><br>**(ECF No. 17.)** |

### I.   BACKGROUND

Rogelio May Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 21, 2022, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

The Complaint was written in the Spanish language. (Id.) On November 18, 2002, the Court screened the Complaint and issued an order striking the Complaint, with leave to file an amended complaint written in the English language. (ECF No. 10.) On January 19, 2023,

Plaintiff filed a First Amended Complaint, which was also largely written in the Spanish language. (ECF No. 13.) On February 28, 2023, the Court issued an order striking the First Amended Complaint, with leave to file a Second Amended Complaint written in the English language. (ECF No. 16.)

On March 23, 2023, Plaintiff filed the Second Amended Complaint, which is awaiting the Court's requisite screening under 28 U.S.C. § 1915. (ECF No. 18.)

On March 23, 2023, Plaintiff filed a motion for appointment of counsel and an interpreter. (ECF No. 17.)

## II. MOTION FOR APPOINTMENT OF COUNSEL AND INTERPRETER

Plaintiff requests the Court to appoint counsel and an interpreter to assist him with his case, arguing that Plaintiff is illiterate and speaks only Spanish. Plaintiff requests the appointment of a bilingual attorney who can act as interpreter for Plaintiff.

### A. Request for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he does not speak English. This is not an exceptional circumstance under the law. Plaintiff has been ordered to file his Complaint in the English language but has not done so. The court does not accept complaints or other case

documents written in a language other than English, and the court shall not respond using a language other than English. There are no appropriated funds available to translate court documents from a foreign language to English, or vice versa. Spanish translations and interpreters are not required in civil cases such as this one under either California or Federal law. See, e.g., United States v. Si, 333 F.3d 1041, 1044 n.3 (9th Cir. 2002). Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### B. Request For An Interpreter

Plaintiff also requests that the court appoint him an interpreter in this action to help him litigate this case. Although the court acknowledges the difficulties Plaintiff's limitations may pose for him in this action, Plaintiff has not shown that this court has the authority to appoint him an interpreter. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . ." Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)). The court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. The *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters. See 28 U.S.C. § 1915; Loyola v. Potter, 2009 WL 1033398, at *2 (N.D.Cal. Apr.16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); Fessehazion v. Hudson Group, 2009 WL 2596619, at *2 (S.D.N.Y. 2009) ("[G]enerally, *pro se* civil litigants have no entitlement to an interpreter or translator."); Mendoza v. Blodgett, 1990 WL 263527, at *15 (E.D.Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions."); compare Fed. R. Civ. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial). Therefore, Plaintiff's request for a court-appointed interpreter shall be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for appointment of counsel, filed on March 23, 2023, is denied without prejudice; and
2. Plaintiff's motion for appointment of an interpreter, filed on March 23, 2023, is DENIED.

IT IS SO ORDERED.

Dated:   **June 16, 2023**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE