UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>             Plaintiff,<br><br>        v.<br><br>ROJAS,<br><br>             Defendant. | 1:22-cv-01345-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**(ECF No. 16.)**<br><br>**OBJECTIONS, IF ANY, DUE BY AUGUST 4, 2023** |

**I.      BACKGROUND**

Rogelio May Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 21, 2022, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  The Complaint is written in the Spanish language.  (Id.)

On November 18, 2002, the Court screened the Complaint and issued an order striking the Complaint, with leave to file an amended complaint written in the English language by December 21, 2022.  (ECF No. 10.)

On January 19, 2023, Plaintiff filed a First Amended Complaint.  (ECF No. 13.)  The First Amended Complaint was again written almost entirely in the Spanish language.  (Id.)

On February 28, 2023, the Court screened the First Amended Complaint and issued an order striking it, with leave to amend. (ECF No. 16.) Plaintiff was advised, "This is Plaintiff's final opportunity to comply with the Court's order that he file his amended complaint written in the English language. Plaintiff is warned that his failure to do so shall result in a recommendation that this action be dismissed in its entirety." (ECF No. 16 at 9.)

On March 23, 2023, Plaintiff filed the Second Amended Complaint, which is again written in the Spanish language. (ECF No. 18.)

## II.     FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since October 21, 2022. Plaintiff's failure to comply with the Court's order may reflect Plaintiff's inability to prepare and file an amended complaint written in the English language. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who cannot or will not comply with the court's orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint written in the English language that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the

Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III.     RECOMMENDATIONS AND CONCLUSION

The Court **HEREBY RECOMMENDS** that this case be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order issued on February 28, 2023.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before August 4, 2023**, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 14, 2023**               /s/ Gary S. Austin
                                UNITED STATES MAGISTRATE JUDGE