**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>        Plaintiff,<br><br>   v.<br><br>ROJAS,<br><br>        Defendant. | No. 1:22-cv-01345 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (MOTION TO REOPEN CASE)<br>(Doc. 25)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR THE APPOINTMENT OF COUNSEL AND AN INTERPRETER<br>(Doc. 25 at 1) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983 in October 2022. (Docs. 1, 2.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Judgment was entered, and the matter was closed on August 21, 2023. (Docs. 23, 24.)

Before this Court is Plaintiff's motion which requests the appointment of counsel and an interpreter as well as a motion to reopen this case. (Doc. 25.) The Court construes the filing as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated below, the motion will be denied, and the requests for the appointment of counsel and an interpreter will also be denied as moot.

I.   <u>BACKGROUND</u>

    A. <u>Relevant Facts</u>

On August 21, 2023, this matter was dismissed for failure to comply with a court order.

1

(Docs. 21, 23, 24 (findings and recommendations, judgment, and order).)  Specifically, the case was dismissed because after twice ordering Plaintiff to file his complaint in English, Plaintiff failed to do so.  (*See* Docs. 10, 16 (orders directing Plaintiff to file complaint in English); *see also* Docs. 1, 13, 18 (Plaintiff's complaint and amended complaints primarily filed in Spanish).)

        B. Motion for Reconsideration

On September 8, 2023, less than three weeks after this matter had been dismissed, Plaintiff filed the instant Motion for Reconsideration.  (Doc. 25.)  In support of it, Plaintiff states that he has needed legal assistance in the past; that he has vision problems which make it difficult for him to continue to communicate with the Court, and that he has cancer.  He also states that his health has impeded his ability to work.  (*See id.* at 1.)  As a result, Plaintiff also requests that the Court appoint him counsel and an interpreter to assist him with this case.  (*See id.*)

II.    APPLICABLE LAW

Federal Rule of Civil Procedure 60(b) permits a litigant to file a motion for relief from a final judgment or order for several reasons, including, but not limited to:  mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief.  *See* Fed. R. Civ. Proc. 60(b)(1), (6).  A court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

III.    DISCUSSION

Neither Plaintiff's stated health problems, nor his asserted modest command of the English language justify a change in this Court's decision to dismiss this case.  To date, neither of these alleged impediments has prevented Plaintiff from filing this matter or from understanding what the Court has asked of him throughout these proceedings.

For example, the Court notes for the record that since this case was commenced, Plaintiff has filed an in forma pauperis application; an appointment of counsel request; a motion for an extension of time; a change of address form, and the instant motion, all of which, have been presented in English.  (*See* Docs. 2, 11, 14, 19, 25, respectively.)  This indicates that Plaintiff and/or the individuals he states assisted him during these proceedings had a satisfactory understanding both of what was occurring in this case and of what was required of Plaintiff at

each stage of it. The fact that Plaintiff has filed thirty-one cases in this district since 2017 further supports the Court's decision to dismiss this matter for failure to comply with its order to file the complaint in English.[1]

Finally, as this Court has recently informed Plaintiff in a different matter, "[t]here are no statutory provisions which authorize district courts to appoint an interpreter in a civil rights action that is initiated by an indigent state prisoner." *Ruiz v. Stane*, No. 1:22-cv-00236 HBK (PC), 2023 WL 3324750, at *2 (E.D. Cal. Apr. 10, 2023) (brackets added) (internal quotation marks omitted) (quoting *Sekona v. Liazarraga*, 2018 WL 11304911, at *11 (E.D. Cal. Jun. 29, 2018*)); see Ruiz v Woodfill*, No. 2:19-cv-02118 MCE KJN, 2021 WL 1060141, at *1-*2 (E.D. Cal. Mar. 18, 2021) (noting other cases filed by Plaintiff which demonstrate he has ability to communicate in English).

For these reasons, Plaintiff has not shown that justice requires that he be given relief from this Court's final judgment in this case. *See* Fed. R. Civ. P. 60(b)(6). Therefore, the Motion for Reconsideration will be denied. As a result, Plaintiff's requests for the appointment of counsel and for an interpreter within the motion (*see* Doc. 25 at 1) are not reached, and they will be denied as moot. Accordingly, the Court **ORDERS**:

1. Plaintiff's Motion for Reconsideration (Doc. 25) is **DENIED**.

2. Plaintiff's motions for the appointment of counsel and for the appointment of an interpreter made within the Motion for Reconsideration (see Doc. 25 at 1) are **DENIED** as moot.

IT IS SO ORDERED.

Dated:   **December 12, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] A court may take judicial notice of its own records. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).